IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAFAEL GONZALEZ ORTIZ** | : CIVIL ACTION |
| | : |
| **v.** | : |
| | : |
| **ICE PHILADELPHIA FOD BRIAN MCSHANE,** Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement, J.L. JAMISON, Warden of Philadelphia Federal Detention Center, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, Attorney General PAMELA BONDI, U.S. Attorney General, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, U.S. DEPARTMENT OF HOMELAND SECURITY | : : : : : : : : : : : NO. 26-301 |

## ORDER

**NOW**, this 27th day of January, 2026, upon consideration of Petitioner Rafael Gonzalez Ortiz's Petition for Writ of Habeas Corpus (Doc. No. 1) the government's opposition, and the parties' joint statement clarifying petitioner's detention history and date of entry, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Gonzalez Ortiz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Gonzalez Ortiz from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.** on **January 28, 2026.**

3. The government is temporarily enjoined from re-detaining Gonzalez Ortiz for seven days following his release from custody.

4. If the government pursues re-detention of Gonzalez Ortiz, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5. The government shall not remove, transfer, or otherwise facilitate the removal of Gonzalez Ortiz from the Eastern District of Pennsylvania prior to the ordered bond hearing.

6. If the immigration judge determines Gonzalez Ortiz is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Gonzalez Ortiz if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

_____
TIMOTHY J. SAVAGE, J.

---

[1] Gonzalez Ortiz, a citizen of Mexico, has lived in the United States since he entered the country in 2015. Pet. for Writ of Habeas Corpus ["Pet."] ¶ 10, ECF No. 1; Joint Statement of the Parties ["Joint Statement"] ¶ 2, ECF No. 7. On January 15, 2026, he was detained by Immigration and Customs Enforcement ("ICE") Enforcement Removal Operations officers in Norristown, Pennsylvania and placed into custody at the Federal Detention Center in Philadelphia. Pet. ¶¶ 1, 2, 10; Joint Statement ¶ 1. No bond was set, and Gonzalez Ortiz has been unable to obtain review of his custody by an immigration judge. *See* Resp. in Opp. to Pet. for Writ of Habeas Corpus ["Resp."] at 3, ECF No. 5.

The government contends that detaining Gonzalez Ortiz without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See id.* at 6, 10–17. Section 1225(b)(2) does not apply to individuals like Gonzalez Ortiz, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Gonzalez Ortiz is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.